Ruth S. OLSEN, Plaintiff and Appellant,

v.

Morris F. SWAPP et al., Defendants and Respondents.

No. 13741.

Supreme Court of Utah.

May 28, 1975.

Quentin L. R. Alston, Salt Lake City, for plaintiff and appellant.

Lane B. Forbes, Bountiful, for defendants and respondents.

ELLETT, Justice:

Plaintiff filed her suit in the District Court of Davis County seeking to enjoin Bountiful City, its officers and agents, from entering upon property she occupied under a claim of right for the purpose of building a sidewalk. From an adverse decision the plaintiff appeals.

The plaintiff owns and occupies a home on the corner of Third North and Main Streets in the City of Bountiful. The City seeks to construct a sidewalk along the south boundary of the plaintiff's property upon a strip of property to which the plaintiff claims ownership. The City claims the property as a part of the street.

The first owner of the plaintiff's property was William Walton, who received his title thereto from the Probate Judge in 1872. The property he then received was described as "Block 53, Plat A in the town of Bountiful." There has never been any other description of the property in any instrument of the title. In fact when plaintiff got title to the property on November 25, 1940, it was designated as "Lot 1, Block 53, Plat A, Bountiful Townsite Survey."

The only record of a plat of Bountiful City is the one in the office of the County Recorder. It has been there since the memory of man runneth not to the contrary. It forms the basis not only of the claim of the plaintiff, but also of all other described property within Plat A of the City. The plat clearly shows that the five-foot strip of land in dispute belongs to the City.

■ Plaintiff has never paid any taxes on the strip, and she has her full depth of land as called for in her deed beginning from the north line of the strip. She cannot obtain land by adverse possession against the City.

The north line of the street in question is a straight one except that plaintiff alone would make a five-foot jog in it as it passes her property.

■ While there is now no record available as to when the plat was filed or recorded, nevertheless the fact that it is in the office where it should be and has been used for such a long time, without being questioned by anyone prior to this plaintiff, gives evidence as to its verity. The fact that it is on the wall instead of in a drawer is of no importance. We presume the territorial officials acted properly and in accordance with the laws in force at the time. The trial judge in this case was en-

titled to find that the plat on the wall was correct and was the official plat of the City.

It is to be noted that a resurvey was made of Plat A in 1927. Insofar as it relates to Block 53 (in which plaintiff's property is located) there is apparently no dispute as to the actual location of the boundaries of Third North Street as it relates to the south boundary of the plaintiff's property.

Neither plaintiff nor her predecessors in interest ever paid any taxes on the disputed strip. In fact, no tax has ever been levied on it since it is a part of the street owned by the City.

■ It is interesting to note that while plaintiff claims that there is no official plat to locate the street of Bountiful City, still she has to rely on that very plat to locate her own land. The plaintiff has the burden of establishing her title to the disputed strip of 'land, and she cannot rely upon any infirmity in that of the City. This burden she has not met. If she is permitted to prevail in this suit, she will get an undeserved additional five feet of land over that which is called for in her deed.

The judgment of the trial court is affirmed. No costs are awarded.

HENRIOD, C. J., CROCKETT, J., and NELSON, District Judge, concur.

MAUGHAN, J., does not participate herein.

TUCKETT, Justice (dissenting).

I dissent. A prior decision of this court, Hall v. North Ogden City,[1] dealt with a fact situation very similar to the case before us. That case sets forth a rule which should be the guide in arriving at a decision here. The rule enunciated is as follows:

Since the lands in controversy have been in the peaceable, notorious and open possession of the plaintiffs and their predecessors for many years, in order to prevail, the town must show some right or title to these lands under proceedings of the Federal Townsite Act of 1867, or a dedication of such lands to the public for the use of streets by the owners thereof under such Act. So our first problem is to determine who became the owner of such lands through the Townsite Act.

The plaintiff's chain of title dates back to the year 1872 when the property was conveyed by the Probate Judge of Bountiful Townsite to William Walton. The property was acquired in 1898 by plaintiff's father who built a home upon the property and thereafter owned and occupied it as a residence for more than 47 years. Plaintiff was born while her parents occupied the home, and she continued to live there until her marriage. The record discloses that for a period of approximately 70 years the disputed strip was in possession of the plaintiff and her predecessors. During that occupancy a fence was built along the southern boundary of the property and upon the disputed strip of land. A hedge grew along the fence and a cement walk also occupied a portion of the strip. A gate occupied a part of the disputed land and remnants of the gateposts still exists there.

When the plaintiff filed her suit seeking injunctive relief, the defendants answered denying generally that the plaintiff was entitled to the relief sought, neither Bountiful City nor the other defendants filed a counterclaim nor asked for affirmative relief. Nevertheless, the court below went beyond the issues raised by the pleadings and the pretrial order and granted judgment in favor of Bountiful City· as follows:

That Bountiful City is the owner of each and every portion of 3rd North Street, Bountiful City, which is described as follows:

Commencing at the Southeast corner of Block 53, Plat "A", Bountiful Town-

I. 109 Utah 325, 175 P.2d 703.

site, which said Southeast corner is North 24.75 feet and West 49.5 feet from a survey monument located at the center of the intersection of 3rd North Street and Main Street, Bountiful City; running thence West along the South Line of Block 53 396 feet; thence South 49.50 feet to the North line of Block 44, Plate "A", Bountiful Townsite; thence East along the North line of said Block 44 to a point 24.75 feet South and 49.50 feet West of said survey monument; thence North 49.50 feet to the place of beginning.

Defendant Bountiful City claims title to the disputed strip under and by virtue of a copy of a plat which hangs on the wall of the county recorder's office. The copy of the plat in the form of a blueprint was unrecorded and unauthenticated, and the only claim of its being genuine stems from the fact that it is hanging on a wall in the recorder's office.

At the outset Bountiful Townsite resulted from a grant by Congress under the law known as "The Townsite Act" and laws adopted by the Territorial Legislature of Utah, which provided regulations for the disposal of townsite lands. The rules and regulations are contained in Sections 1166 and 1178 of Compiled Laws of Utah, 1876. Section 1175 of that Act provides in part as follows:

> . . . the corporate authorities in cases where the lands shall have been entered by them, and the judge of probate, in cases where the lands shall have been entered by him, shall cause the same to be surveyed and laid out into suitable blocks and lots, and shall reserve such portions as may be deemed necessary for public squares, school houses or hospital lots, and shall cause all necessary streets, roads, lanes and alleys to be laid out through the same, a plot of which, properly certified, shall be recorded in the recorder's office of the county in which the same may be situated; . . . .

Insofar as I have been able to determine those provisions have not been changed or altered. A plat to become official and entitled to be relied on should have met the standard provided for in the act. The holding of the majority that a reference to a picture on the wall of the courthouse was sufficient to establish title and ownership in the City enunciates a strange and new concept in that area of the law pertaining to land titles.

Bountiful City should not be permitted to take the property in question without compensation.